IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN SWEGER, | No. 1:20-CV-01079 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, | |
| Defendant. | |

## ORDER

### MARCH 3, 2022

Nathan Sweger filed this action seeking review of a decision of the Acting Commissioner of Social Security ("Commissioner") denying Sweger's claim for supplemental security income and child's insurance benefits.[2] In January 2022, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court affirm the Commissioner's decision and close this case.[3]

Sweger filed timely objections to the Report and Recommendation.[4] In his objections, Sweger contends that Magistrate Judge Carlson erred in concluding that

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, as the successor officer to Andrew Saul, Commissioner of Social Security, is automatically substituted as Defendant in this action.
[2] Docs. 1, 14.
[3] Doc. 20.
[4] Doc. 21.

the administrative law judge's ("ALJ") decision was supported by substantial evidence, because: (1) the mere fact that Sweger's conditions improved with treatment does not indicate that he is not disabled, particularly when Sweger's conditions wax and wane; (2) Sweger's treatment notes provide support for his claimed limitations; and (3) Sweger's activities of daily living do not support the conclusion that he is not disabled.[5] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[6] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[7]

Upon *de novo* review of the record, the Court finds no error in Magistrate Judge Carlson's conclusion that the Commissioner's decision is supported by substantial evidence. Although Sweger disputes some of Magistrate Judge Carlson's conclusions and this Court may have—in some respects—reached a different conclusion than the ALJ, Magistrate Judge Carlson correctly determined that, as a

---

[5]  *Id.*
[6]  *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[7]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

whole, the ALJ's decision is supported by substantial evidence.[8] Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 20) is **ADOPTED**;

2. The Commissioner's decision is **AFFIRMED**;

3. Final Judgment is entered in favor of Defendant and against Sweger pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g); and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[8] Although Sweger correctly notes that stability with treatment and his activities of daily living cannot alone definitively indicate that he is not disabled, the ALJ properly accounted for these factors as a part of the overall record.